[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE CT Page 3890
Should the court grant the defendants' motion for summary judgment?
FACTS
The following facts are alleged in the plaintiffs' amended complaint dated June 7, 1990. The plaintiff John Pratt was operating a motor vehicle on Ingham Hill Road in Old Saybrook when he struck a tree because an ice patch on the road caused him to lose control of the car. The ice patch was located on the roadway adjacent to the house and property of Willi Benoit and Toni Benoit ("the defendants"). The plaintiff suffered severe injuries that rendered him a quadriplegic.
Counts one and two of the five count complaint sought recovery against the Town of Old Saybrook. On January 14, 1992, the court, Higgins, J., granted the town's motion to dismiss those claims. In count three, John Pratt alleges that the defendants created a nuisance by developing and grading their property in such a way so as to cause water to collect and freeze on the roadway. In count four, John Pratt alleges that the defendants negligently maintained their property in various ways. In count five, plaintiff Suzanne Wilson, John Pratt's mother, incorporates the allegations in counts three and four and seeks recovery of past and future medical expenses.
On February 1, 1990, the defendants answered an earlier but identical complaint and asserted two special defenses: the statute of limitations and contributory negligence. On March 2, 1990, the plaintiffs denied the special defenses, thereby closing the pleadings. See Practice Book Sec. 379 (summary judgment may be rendered when pleadings are closed). Each party has filed a memorandum of law. Additionally, the defendants have filed Willi Benoit's affidavit, copies of deposition testimony by the plaintiffs' disclosed experts and other assorted documents.
DISCUSSION
Practice book Sec. 384 provides that CT Page 3891 summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' See also Zichichi v. Middlesex Memorial Hospital, [204 Conn. 399, 402, 528 A.2d 805 (1987)]; Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986); Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 98 (1986). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. Urban Redevelopment Commission, [158 Conn. 364, 379, 260 A.2d 596 (1969)].' Catz v. Rubenstein, supra.
Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990).
In support of summary judgment, the defendants argue that in order to succeed, the plaintiffs, through expert testimony, must prove that the property improvements the defendants made caused water to drain in a substantially different way than it would have flowed naturally. The defendants further argue that the plaintiffs' disclosed experts have no basis to form an opinion about changes in the drainage of water from the Benoit's property. The defendants set forth portions of the deposition testimony of the two experts to show they do not know and will not know whether the development altered the way in which the water naturally drained from the property. Thus, the defendants argue, the plaintiffs cannot prove that they created a nuisance or negligently maintained the property and that therefore their summary judgment motion should be granted.
The plaintiffs counter that expert testimony is not essential to their claims and that a jury will have to determine the factual question of whether the defendants were negligent in positioning their mailbox.
Summary judgment is usually inappropriate in negligence actions. Fogarty v. Rashaw, 193 Conn. 442, 4446,476 A.2d 582 (1984). The court cannot rule, as a matter of law, that the plaintiffs will not be able to prove that the defendants created a nuisance or negligently maintained their property. The defendants have not met their burden of CT Page 3892 proving as a matter of law that the plaintiffs will require expert testimony to establish defendants' liability. The trier of fact will have to determine whether the defendants created a nuisance or were negligent in maintaining their property, and thereby caused the plaintiff's injuries.
The defendants are not entitled to judgment as a matter of law and material factual issues exist.
Motion for summary judgment denied.
AUSTIN, JUDGE